IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:16-CR-185 |
| | ) |
| DOROTHEA LASSITER, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The United States and the defendant, DOROTHEA LASSITER, stipulate that the allegations in the one-count criminal information and the following facts are true and correct and that, had the matter gone to trial, the United States would have proven them beyond a reasonable doubt with competent and admissible evidence.

1. Company A was a transportation logistics provider that provided home and business delivery services throughout the United States. Company A was headquartered in Chantilly, Virginia, which is located in the Eastern District of Virginia.

2. The defendant, DOROTHEA LASSITER, was a resident of the Commonwealth of Virginia and the Eastern District of Virginia. Between in or about October 2007 and in or about late November 2015, LASSITER worked in Company A's accounting department where, among other things, she handled accounts payable, including the preparation and remittance of checks issued by Company A.

3. EMPLOYEE A was a resident of the Commonwealth of Virginia and the Eastern District of Virginia. Between in or about September 2007 and late November 2015, EMPLOYEE A worked for Company A and was in charge of Company A's claims department.

4. Company A occasionally received property damage claims from customers who received Company A's last-mile, home delivery services. Company A's claims department reviewed the property damage claims, opened an electronic claim file, and assessed the validity of the claim by, among other things, seeking supporting documentation and repair estimates. If a property damage claim was deemed valid, Company A's claims department forwarded the claim to the accounting department, which generated an account payable. Company A thereafter paid the claim by remitting a check to the customer by U.S. mail or overnight courier.

5. PERSON A was a resident of the State of New Jersey. LASSITER and PERSON A were associates.

6. PERSON B was a resident of the State of New Jersey. LASSITER and PERSON B were associates.

7. PERSON C was a resident of the Commonwealth of Virginia and the Eastern District of Virginia. LASSITER and PERSON C were relatives.

8. PERSON D was a resident of the State of Maryland. LASSITER and PERSON D were associates.

9. PERSON E was a resident of the Commonwealth of Virginia and, at times material to the information, the Eastern District of Virginia. EMPLOYEE A and PERSON E were associates.

10. Beginning no later than in or about July 2011, and continuing until in or about December 2015, in the Eastern District of Virginia and elsewhere, the defendant, DOROTHEA LASSITER, EMPLOYEE A, PERSONS A – E, and others known and unknown, did knowingly and unlawfully combine, conspire, confederate and agree together and with each other to devise a scheme and artifice to defraud and obtain money and property by materially false and

fraudulent pretenses, representations, and promises, and for the purposes of executing and attempting to execute the scheme and artifice to defraud: (a) to deposit and cause to be deposited any matter or thing to be sent and delivered by any private and commercial interstate carrier, in violation of 18 U.S.C. § 1341; and (b) to transmit and cause to be transmitted by means of wire communication in interstate commerce any writings, signs, and signals, in violation of 18 U.S.C. § 1343.

11. The objects and purposes of the conspiracy included the following, among others: (a) for the defendant and the other members of the conspiracy to embezzle, misappropriate, steal, and convert to their personal use money and property belonging to Company A, without the authorization or knowledge of Company A; (b) for the defendant and the other members of the conspiracy to enrich themselves by obtaining and retaining money and property to which they were not entitled; and (c) to conceal the nature and purpose of the scheme and artifice to defraud and to conceal the identities of the members of the conspiracy.

12. LASSITER, EMPLOYEE A, PERSONS A – E and others carried out the conspiracy through the following manner and means, among others:

   a. EMPLOYEE A generated false property damage claims by creating new claims and re-opening older claims in Company A's electronic claims file system. LASSITER and EMPLOYEE A repeatedly accessed the false property damage claims electronically to update and edit information for these claims, including the names and addresses of the payees.

   b. LASSITER generated an account payable for the false property damage claims in Company A's electronic accounting system. The accounts payable for the false property damage claims listed PERSONS A – E as the payees. LASSITER then remitted checks to the payees for the false property damage claims.

c.  LASSITER provided at least 47 fraudulent checks issued by Company A to PERSON A or PERSON A's alias, totaling over $159,261.27. LASSISTER delivered approximately 45 of these 47 fraudulent checks to PERSON A's place of business using Company A's Federal Express ("FedEx") corporate account. LASSITER also delivered at least one fraudulent check to PERSON A in person and, throughout the duration of the scheme, LASSITER frequently traveled between the Eastern District of Virginia and New Jersey.

d.  After receiving Company A's checks, PERSON A presented and cashed the checks at a check cashing business located in Burlington, New Jersey. Large portions of the cash was then deposited into LASSITER's personal bank account through out-of-state counter deposits made at a branch location for LASSITER's personal bank in Willingboro, New Jersey, which is located less than two miles from the check cashing business.

e.  After the money was deposited into her personal bank account, LASSITER periodically transferred portions of the money to EMPLOYEE A by check, through electronic transfers to EMPLOYEE A's personal bank account, and by providing cash. On some of the checks that LASSITER made payable to EMPLOYEE A, LASSITER falsely wrote "loan" on the memo line. EMPLOYEE A presented and cashed or deposited LASSITER's checks that were made payable to EMPLOYEE A.

f.  LASSITER and others also provided at least eight fraudulent checks to PERSON B (totaling at least $26,980.15)—some of which were sent using Company A's FedEx account—at least 12 fraudulent checks to PERSON C (totaling at least $27,732.52), at least 12 checks to PERSON D (totaling at least $29,840.63) and at least five fraudulent checks to PERSON E (totaling at least $14,291.73). After presenting and cashing or depositing Company A's checks, PERSONS B – E transferred large portions of the money to LASSITER through

counter deposits in New Jersey and elsewhere, through electronic transfers, and by providing cash. After the money was deposited into her personal bank account, LASSITER periodically transferred portions of the money to EMPLOYEE A by check, through electronic transfers to EMPLOYEE A's personal bank account, and by providing cash. EMPLOYEE A presented and cashed or deposited LASSITER's checks that were made payable to EMPLOYEE A. PERSON E presented and cashed or deposited Company A's checks and transferred portions of the money to IDUN.

   g. LASSITER and EMPLOYEE A took steps to hide, conceal, and cover up the existence of their embezzlement scheme by, among other things, carrying out the steps set forth above, denying their involvement, and fabricating supporting documentation for claims forms.

  13. On or about September 24, 2015, EMPLOYEE A added a new property damage claim to Company A's electronic claims file, which EMPLOYEE A and others updated.

  14. On or about September 25, 2015, LASSITER issued or caused to be issued a Company A check, made payable to PERSON A's alias in the amount of $4,853.86. On the same day, LASSITER, using Company A's FedEx account, sent a FedEx package to PERSON A, which was delivered to PERSON A's place of business on or about September 26, 2015.

  15. On or about September 26, 2015, PERSON A cashed Company A's check at a check cashing business in Burlington, New Jersey.

  16. On or about September 28, 2015, $4,400.00 in cash was deposited into LASSITER's personal bank account through an out-of-state counter deposit. On the same day, LASSITER electronically and separately transferred $1,000.00 and $500.00 to EMPLOYEE A's personal bank account.

17. On or about November 5, 2015, EMPLOYEE A added a new property damage claim to Company A's electronic claims file, which EMPLOYEE A updated.

18. On or about November 6, 2015, LASSITER issued or caused to be issued a Company A check, made payable to PERSON A's alias in the amount of $4,819.56. On the same day, LASSITER, using Company A's FedEx account, sent a FedEx package to PERSON A, which was delivered to PERSON A's place of business on or about November 7, 2015.

19. On or about November 7, 2015, PERSON A cashed Company A's check at a check cashing business in Burlington, New Jersey.

20. On or about November 9, 2015, $4,400.00 in cash was deposited into LASSITER's personal bank account through an out-of-state counter deposit in Willingboro, New Jersey.

21. On or about November 9, 2015, LASSITER, through two separate transactions, electronically transferred $1,000.00 and $500.00 to EMPLOYEE A's personal bank account.

22. On or about November 20, 2015, EMPLOYEE A added a new property damage claim to Company A's electronic claims file, which EMPLOYEE A updated.

23. On or about November 20, 2015, LASSITER issued or caused to be a Company A check, made payable to PERSON A's alias in the amount of $4,645.15. On the same day, LASSITER, using Company A's FedEx account, sent a FedEx package to PERSON A, which was delivered to PERSON A's place of business on or about November 23, 2015.

24. On or about November 23, 2015, PERSON A cashed Company A's check at a check cashing business in Burlington, New Jersey. On the same day, $4,200.00 in cash was deposited into LASSITER's personal bank account through an out-of-state counter deposit in Willingboro, New Jersey.

25. On or about November 23, 2015, LASSITER electronically transferred $1,000.00 to EMPLOYEE A's personal bank account.

26. On or about December 4, 2015, LASSITER deposited approximately $1,200.00 in cash into her personal bank account through an ATM in the Eastern District of Virginia.

## CONCLUSION

27. In total, LASSITER's criminal conduct caused an actual loss to Company A of more than $250,000, but no more than $550,000.

28. The acts taken by LASSITER in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly and with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that she is obligated under her plea agreement to provide additional information about this case beyond that which is described in this statement of facts.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: *[signature]*
Edward P. Sullivan
Special Assistant United States Attorney (LT)
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
Edward.P.Sullivan@usdoj.gov

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Dorothea Lassiter, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Dorothea Lassiter

I am Dorothea Lassiter's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
Joseph T. Flood, Jr., Esq.
Attorney for Dorothea Lassiter